UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

**PLUMBERS AND PIPEFITTERS LOCAL**
**UNION NO. 162, et al.,**

    **Plaintiffs,**

-vs-                  Case No.  3-:11-CV-196

**KEERAN MECHANICAL SERVICES, LLC,**

                      **Judge Thomas M. Rose**

    **Defendant.**

___

**ENTRY AND ORDER OVERRULING PLAINTIFFS' MOTION FOR**
**JUDGMENT BY DEFAULT (Doc. #9)**
___

  This is an action brought by the Plumbers & Pipefitters Local Union No. 162 and three employee benefit plans against an employer, Keeran Mechanical Services, LLC ("Keeran") to collect allegedly delinquent contributions owed to the plans. The three benefit plans are the Plumbers & Pipefitters Local Union No. 162 Insurance Fund, the Plumbers & Pipefitters Local No. 162 Pension Fund and the Plumbers & Pipefitters Local No. 162 Retirement Savings Fund. Each of the plans is alleged to be governed by a Trust Agreement. Finally, the Insurance Fund, the Pension Fund and the Retirement Savings Fund are hereinafter referred to collectively as the "Pension Funds."

  The three Funds are allegedly benefit plans maintained pursuant to employer contributions required by collective bargaining agreements between thirteen unions and signatory employers. Therefore, the three Funds are allegedly multi-employer plans within the meaning of ERISA, 29 U.S.C. §1002(37)(A).

This Court has jurisdiction over this matter pursuant to ERISA. Jurisdiction over suits against an employer for failing to make contributions to employee benefit funds as required is conferred upon this Court by Sections 502 and 515 of ERISA, 29 U.S.C. §§1132 and 1145, as amended by Section 306 of the Multi-Employer Pension Fund Amendment Act of 1980, 29 U.S.C. § 1145.

This action was commenced on June 8, 2011. The Complaint was served on Keeran and Keeran has not answered. Pursuant to Fed.R.Civ.P. 55(a), the Clerk entered the default of Keeran on August 25, 2011. (Doc. #8.) Now before the Court is the Local 162's and the Pension Funds' unopposed Motion for Default Judgment. (Doc. #9.)

## FACTUAL BACKGROUND

What the Court can consider to be factual background in this case is limited. The only evidence presented is an Affidavit by Rena G. Sauer that the firm of Ledbetter, Parisi & Sollars, LLC has incurred $396.87 in costs and $1,734.50 in attorneys' fees in litigating this matter to date. Sauer also affirms that Keeran is neither an infant nor an incompetent person. However, there is no evidence, beyond unsupported allegations in the Complaint, of Keeran's involvement with Local 162 or the Pension Plans, no evidence of what relevant information may be contained in the alleged Collective Bargaining Agreement, no evidence of any participation agreements entered into by Keeran and no evidence of payments due under such participation agreements or trusts.

## ANALYSIS

Local 162 and the Pension Funds now seek a default judgment against Keeran

in the amount of $36,728.46. Default is sought pursuant to Fed.R.Civ.P. 55(b)(1) which provides that:

> If the Plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk - on the plaintiffs' request, with an affidavit showing the amount due - must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

Sums certain are sums that can be calculated from the terms of a written document such as a contract or promissory note. *Dailey v. R & J Commercial Contracting*, No. C2-01-403, 2002 WL 484988 at *3 (S.D.Ohio Mar. 28, 2002).

Local 162 and the Pension funds have not submitted an affidavit showing the alleged total amount due to it from Keeran nor have they submitted written documents based upon which they have calculated the alleged amount due. For example, ERISA requires that every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent and not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement. However, the Court has no evidence of whether Keeran is a multiemployer, the terms of any plan or the terms of a collective bargaining agreement. Thus, the Court is unable to grant a default judgment in any amount pursuant to Fed. R. Civ. P. 55(b)(1).

Another issue confusing to the Court is Local 162's and the Pension Plans' request that the Court order immediate compliance with an audit and payment of all amounts found to be due and owing thereafter. However, no evidence has been submitted to support this request nor does the proposed order of default submitted by Local 162 and the Pension Plans make mention of such.

In sum, Local 162's and the Pension Plans' Motion for Default (Doc. #9) is OVERRULED. It is, however, overruled without prejudice to renewal should Local 162 and the Pension Plans wish to submit the evidence required to obtain default judgment and an relief they might wish beyond the default judgment

.

**DONE** and **ORDERED** in Dayton, Ohio, this Twenty-Sixth day of September, 2011

**s/Thomas M. Rose**

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record