## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

**PLUMBERS AND PIPEFITTERS LOCAL**
**UNION NO. 162, et al.,**

    **Plaintiffs,**

-vs-                     **Case No.  3-:11-CV-196**

**KEERAN MECHANICAL SERVICES, LLC,**

                          **Judge Thomas M. Rose**
    **Defendant.**

___

**ENTRY AND ORDER GRANTING PLAINTIFFS' RENEWED MOTION FOR JUDGMENT BY DEFAULT AGAINST KEERAN MECHANICAL SERVICES**

___

  This is an action brought by the Plumbers & Pipefitters Local Union No. 162 ("Local 162") and three employee benefit plans against an employer, Keeran Mechanical Services, LLC ("Keeran") to collect allegedly delinquent contributions owed to the plans and to collect allegedly unpaid union dues. The three benefit plans are the Plumbers & Pipefitters Local Union No. 162 Insurance Fund, the Plumbers & Pipefitters Local No. 162 Pension Fund and the Plumbers & Pipefitters Local No. 162 Retirement Savings Fund. The three benefit plans are hereinafter referred to collectively as the "Pension Funds." Finally, each of the Pension Funds is governed by a Trust Agreement.

  In a previous Entry and Order (doc. #10), this Court determined that the Pension Funds are multi-employer plans within the meaning of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1002(37)(A). The Court has also determined that it has jurisdiction over this matter and that Keeran is in default.

The Plaintiffs' initial Motion for Default Judgment was overruled without prejudice due to a lack of evidence. (Doc. 10.) Plaintiffs' Amended Motion for Default Judgment was overruled because it, too, was lacking in evidentiary support. (Doc. #14.) The Court also stated that ERISA appears to contemplate liquidated damages **or** interest, but not both. The Plaintiffs have now responded with a Response to this Court's Order overruling their Renewed Motion for Default Judgment.

Plaintiffs' Response includes the evidence that was lacking before. It also includes an argument that ERISA provides for both liquidated damages and interest.

The Federal Rules of Civil Procedure do not provide for a "response" to an Entry and Order. However, in the interest of justice, the Court will consider Plaintiffs' Response.

Plaintiffs' Response argues that ERISA provides for both interest on the unpaid contributions and liquidated damages. The Court had previously determined that it did not. On this issue, the Court stands corrected. ERISA provides for an award of unpaid contributions, interest on the unpaid contributions, an amount equal to the greater of interest on the unpaid contributions or liquidated damages, reasonable attorney's fees and costs and such other equitable relief as the Court deems proper. 29 U.S.C. § 1132(g)(2).

Plaintiffs' Response also corrects the evidentiary deficiency in its Amended Motion for Default Judgment. Plaintiffs have now submitted an Affidavit of R. Dean Brill that is properly authenticated.

**FACTUAL BACKGROUND**

This factual background is based upon information provided in an Affidavit submitted by R. Dean Brill (Affidavit of R. Dean Brill ("Brill Aff.) Jan. 4, 2012), an Affidavit submitted by

Juliana Hall (Affidavit of Juliana Hall ("Hall Aff.") Dec. 1, 2011) and an Affidavit submitted by Rena G. Sauer (Affidavit of Rena G. Sauer ("Sauer Aff.) Dec. 2, 2011). R. Dean Brill is the Business Manager for Local 162, Juliana Hall is the Administrative Manager for Local 162 and Rena G. Sauer is an attorney with the law firm of Ledbetter, Parisi & Sollars, LLC.

Local 162 executed Labor Relations Contracts with the Mechanical Contractors Association of Greater Dayton (the "Association), effective June 1, 2007 through May 31, 2011 and June 1, 2011 through May 31, 2014. Keeran agreed to the terms and conditions of the then-effective Labor Relations Contract including the employer benefits outlined in the Labor Relations Contract.

Pursuant to the Labor Relations Contract, Local 162 and Keeran agreed that Keeran would be a member of the multi-employer bargaining unit represented by the Association. Therein, Keeran authorized the Association to act as its collective bargaining representative.

Pursuant to the terms of the Labor Relations Contract then in effect, Keeran agreed to pay, on behalf of its bargaining unit employees, fringe benefits into the Pension Funds. The Labor Relations Contract also requires Keeran to deduct Union dues from the pay of each of its bargaining unit employees and remit the Union dues on a monthly basis.

Keeran has failed to remit to the Union all of the Union dues that Keeran deducted from certain of its bargaining unit employees since December of 2010. The Union is unable to determine the exact amount of Union dues owed by Keeran for the time period of December 2010 until now due to Keeran's failure to submit all of its required payroll forms.

Keeran also failed to make contributions to the Pension Funds for the months of December 2010, January 2011 and February 2011 in the amount of $26,986.50. In addition,

Keeran failed to make contributions for any hours worked beginning March 2011 and failed to submit its payroll forms beginning March 2011. Finally, the firm of Ledbetter, Parisi & Sollars, LLC has incurred $350 in costs and $3,950.50 in attorneys' fees to date to litigate this matter.

The Pension Funds have, pursuant to the terms of the Pension Fund Trust Agreements, adopted a Collection and Delinquency Control Program. This Program provides for a payment of 1% simple interest per month from the date due on unpaid contributions.

## ANALYSIS

Local 162 and the Pension Funds now seek a default judgment against Keeran in an amount totaling $38,897.59. This amount includes $26,986.50 for principal, $5,397.30 for liquidated damages, $2,213.29 for interest, $350.00 for costs and $3,950.50 for attorney fees.

That Keeran was a member of the multi-employer bargaining unit represented by the Mechanical Contractors Association of Dayton and authorized this Association to act as its collective bargaining representative is undisputed. Further, that, pursuant to the Labor Relations Contract negotiated by the Association, Keeran agreed to deduct monthly union dues and pay fringe benefits into the Pension Funds is undisputed.

Failure to make the contributions into the Pension Funds is a violation of ERISA which also provides a remedy. Specifically, ERISA provides for an award of unpaid contributions, interest on the unpaid contributions, an amount equal to the greater of interest on the unpaid contributions or liquidated damages, reasonable attorney's fees and costs and such other equitable relief as the court deems proper. 29 U.S.C. § 1132(g)(2).

The amount identified is due to the Pension Funds pursuant to ERISA and when unpaid, as is the case here, damages, as defined by ERISA, are recoverable. Therefore, judgment is hereby entered against Keeran in the sum of $38,897.59.

The Collection and Delinquency Program established by the Pension Funds also applies to Keeran. Thus, Local 162 and the Pension Funds are entitled to additional interest in the amount of 1% per month on the unpaid contributions from the date due of the unpaid contributions.

The Collections section of the Pension Fund Trust Agreements provides that the Board of Trustees of the Pension Funds may, to enforce an employer's obligations, enter upon the premises of any employer obligated to contribute to any of the Pension Funds to examine and copy the books, records, papers and reports of the employer to determine the hours worked by bargaining unit employees and determine whether the employer is making all contributions required by the terms of collective bargaining agreement and/or participation agreement. Keeran is an employer and is, through the Labor Relations Contract, liable to the Pension Funds. Thus, the Trustees of the Pension Funds may examine and copy Keeran's books, records, papers and reports to determine the hours worked by bargaining unit employees to determine if Keeran has made all contributions required by the terms of the Labor Relations Contract.

**DONE** and **ORDERED** in Dayton, Ohio, this 10th day of January, 2012.

**s/Thomas M. Rose**

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE